UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Case No. 21-cr-0072(CRC) |
| GRACYN COURTRIGHT, | : |
| Defendant | : |

**DEFENDANT'S SENTENCING MEMORANDUM**

Gracyn Courtright, by and through counsel, Thomas Abbenante, respectfully submits this sentencing memorandum in connection with the her pending case. For the reasons set forth herein, the defendant requests that this Court sentence her to a period of 30 days incarceration: one year of supervised release; 60 hours of community service; $500.00 restitution; and the mandatory $25.00 special assessment. This is the sentence recommended by the probation officer.

The defendant pleaded guilty to one count of 18 U.S.C. Section 1752(a)(1), Entering and Remaining in a Restricted Building or Grounds. The defendant has no prior record. She entered a plea as soon as the government extended an offer and she has complied with all of her conditions of release. She fully cooperated with the probation officer. She was debriefed by the government following the entry of her plea and admitted to her conduct as well as the conduct she engaged in that was not charged. She did not personally engage in violence

or property destruction. Her sentencing guidelines are 0-6 months.

The facts concerning the defendant's conduct stated in the government's memorandum are not disputed. The actions of the defendant as outlined in the Statement of Offense have been fully admitted by her. The postings on social media are not disputed. They are what they are. They are troubling but they do not reflect the true nature of Ms. Courtright. What they truly reflect is her lack of understanding of what occurred on that day. Her conduct on January 6th, while admittedly unlawful, was neither aggressive nor malicious. She was caught up in the hysteria of the day. When people started commenting about her on social media, she responded without thinking about what she was saying. Once the reality of the situation set in and she was back home with her family in West Virginia, she was totally embarrassed by her actions and was full of remorse. Her parents were furious with her. When she became aware that a warrant was issued for her arrest, her father accompanied her and she turned herself in.

Ms. Courtright did not set out from her small hometown of Hurricane, West Virginia to subvert democracy. She came to see former President Trump speak at the rally which was supposed to be his last. She thought it would be an historical event. She didn't even vote in the election. The security officials at the event ushered her into a 3rd row seat. She was excited to be that close to President Trump. After his speech, she marched with others to the Capitol. She never had any intention of participating in any violence or breaking any laws. However, when she got there, she marched inside the Capitol and she is here

before the court to answer for the crime she committed.

As a result of her conduct, she was suspended from the University of Kentucky. She has a hearing at the University scheduled for December 22, 2021 to determine whether she will be reinstated at some point and be allowed to complete the final semester and obtain her degree. She has been working part time during the holiday season.

Her conviction and her involvement in this case will follow her the rest of her life. Potential employers, potential friends, will be able to find all the details online. It is a hefty price to pay for a first offense. She will be labeled as a participant in the January 6th riot for the rest of her life. The government's request that Ms. Courtright be sentenced to the high end of the guideline range is greater than necessary punishment.. The single case that the government cites where the defendant pled to the same charge as Ms. Courtright, *US v. Kevin Cordon,* 21-cr-277, resulted in a sentence of probation. Counsel recognizes that the government may be annoyed that they did not uncover the evidence that Ms. Courtright was on the floor of the Senate until after the plea was entered. Asking for the high end of the guidelines in a misdemeanor case for a first offender who did not engage in any violence, even in a January 6th case, should not be adopted by the court.

Wherefore the foregoing premises considered, and any others that may become apparent at the sentencing hearing, defendant requests that the court impose a sentence of 30 days plus the additional conditions recommended by the probation department.

Respectfully submitted.

_____/s/_____
Thomas Abbenante #227934
888 17th Street NW Suite 1200
Washington, DC 20006
202-223-6539
tabbenante@aol.com